A. HENRY, Plaintiff in Error, v. JOHN ATKISON, Defendant in Error.

1. *County, commissioner of* — *Deed by* — *Construction of statute.* — A deed made by a county seat commissioner need not recite the authority of the officer. If it appear on the face of the instrument that it was made by him as commissioner, the requirement of the statute (Wagn. Stat. 397, § 14) is met.

   Such a conveyance can only be a quit-claim deed; and a covenant of warranty would not bind the county.

### Error to Bates Circuit Court.

*F. P. Wright*, for plaintiff in error.

*Ewing & Smith*, with *Bassett*, for defendant in error.

ADAMS, Judge, delivered the opinion of the court.

This was ejectment for a lot in the town of Butler, the county seat of Bates county. The plaintiff claimed title by virtue of a deed executed to him by the county seat commissioner of Bates county, which was excluded by the court, and judgment given in favor of the defendant.

David McGaughey was the commissioner, and there was no dispute that he had authority to make the deed. The only objection was that the deed did not recite the authority. The deed on its face appears to be made by him as commissioner, and that is all that the statute requires. (Wagn. Stat. 397, § 14.)

The deed operates as the execution of a statutory power, and can convey only such interest as the county had in the lots. Any warranty in the deed would not bind the county, as the commissioner had power only to convey the interest of the county and not to make warranties. I think the deed is a substantial compliance with the statute and ought not to have been rejected.

Let the judgment be reversed and the cause remanded. The other judges concur.